# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 24-7111**                                        **September Term, 2024**

**1:24-cv-01314-UNA**

**Filed On:** December 11, 2024

Malak Baalim,

        Appellant

    v.

Busey Bank and Commerce Bank,

        Appellees


### ON APPEAL FROM THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

**BEFORE:**    Wilkins, Pan, and Garcia, Circuit Judges

### J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant.  See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j).  Upon consideration of the foregoing, and the motion to schedule a pretrial conference, it is

**ORDERED** that the motion to schedule a pretrial conference be denied.  It is

**FURTHER ORDERED AND ADJUDGED** that the district court's June 20, 2024 order dismissing appellant's complaint without prejudice for lack of jurisdiction be affirmed.  The district court correctly concluded, based on the allegations and representations in the complaint, that it lacked federal question jurisdiction or federal diversity jurisdiction.  See 28 U.S.C. §§ 1331, 1332.  Appellant's belated assertion that he is a resident of Florida, which he raised for the first time after judgment was entered and which he supports with only a driver's license issued in the name of Norbert K.O. Cody, II, is not grounds for reversing the district court's determination.  See Naartex Consulting Corp. v. Watt, 722 F.2d 779, 792 (D.C. Cir. 1983) ("[T]he party seeking the exercise of diversity jurisdiction bears the burden of pleading the citizenship of each and every party to the action."); Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5

(2008) (stating that a party may not use Federal Rule of Civil Procedure 59(e) "to raise arguments or present evidence that could have been raised prior to the entry of judgment").

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

                              **FOR THE COURT:**
                              Mark J. Langer, Clerk

              BY:     /s/
                        Daniel J. Reidy
                        Deputy Clerk